

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00331-CR

---

ARTHUR JEROME HARDEMAN　　　　　　　　　　　　APPELLANT

V.

THE STATE OF TEXAS　　　　　　　　　　　　　　　STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1389767D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Arthur Jerome Hardeman entered an open plea of guilty to the offense of possession of a controlled substance, cocaine, in the amount of more than one gram but less than four grams.  Hardeman also pleaded true to the State's habitual-offender enhancement.  A jury assessed punishment at twelve years' incarceration.

---

[1]*See* Tex. R. App. P. 47.4.

Hardeman's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, the record demonstrates that Hardeman was notified of counsel's motion to withdraw, provided a copy of the motion and brief, informed of his right to file a pro se response, and informed of his right to seek discretionary review should this court hold the appeal is frivolous; and concrete measures were taken to facilitate Hardeman's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court informed Hardeman that he could file a pro se brief, but he did not do so. The State submitted a letter informing this court that it would not be providing briefing but reserved the right to do so if this court found an arguable ground for appeal.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief, and we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We grant counsel's motion to withdraw, and we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2016